IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR300 |
| v. | |
| NOLAN BALY, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Nolan Baly's ("Baly") "Motion to Suppress Evidence Illegally Obtained by State" (Filing No. 41). In particular, Baly seeks "to suppress all physical evidence seized or obtained" against him in this case, including more than 2,000 lbs. of marijuana seized from the box truck he was driving after it broke down on the side of the road. He contends the evidence was "illegally seized or obtained in violation of [his] rights under Amendments 4, 5, and 6 of the U.S. Constitution."

After an evidentiary hearing on August 10, 2022, the magistrate judge[1] issued a Findings and Recommendation (Filing No. 67) recommending the motion be denied. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b). The magistrate judge concluded Baly's encounter with law enforcement was consensual and that based on the totality of the circumstances, Baly freely and voluntarily consented to a search of the truck.

Baly timely objected (Filing No. 68), arguing he did not clearly and unambiguously consent to a search and that without it, the search of the truck and his subsequent detention were unconstitutional. Baly further argues "the totality of the circumstances cannot alter the ambiguity of [Baly's] response to consent to search, when such totality consisted of an officer who stated plainly that he merely had a hunch or suspicion that something was

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

going wrong." In Baly's view, "It is inconceivable that without specifying any crime whatsoever, both consent to search and a reasonably articulable suspicion are supported by the totality of the circumstances, which is comprised of the officer simply saying[,] 'I thought something was going on.'" The government maintains the search was proper (Filing No. 69).

Having completed the de novo review required by § 636(b)(1) and Rule 59(b)(3), *see*, *e.g.*, *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) ("The failure to perform de novo review when required is reversible error."), the Court concludes Baly has not stated a compelling reason to grant his motion to suppress. In short, Baly has not persuaded the Court that his encounter with law enforcement and the search of his truck violated his constitutional rights. Accordingly,

IT IS ORDERED:
1. Defendant Nolan Baly's objections (Filing No. 68) are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 67) is accepted.
3. Baly's motion to suppress (Filing No. 41) is denied.

Dated this 13th day of December 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge